**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

| | |
|---|---|
| YUKTI ABROL,<br><br>        *Plaintiff*,<br><br>   v.<br><br>UBER TECHNOLOGIES, INC., ARUN NAGARAJAN, AJEET GANGA, AND TRAVIS KALANICK,<br><br>        *Defendants*. | Case No. 1:23-cv-05381-AMD-SJB<br><br>**DEFENDANT TRAVIS KALANICK'S JOINDER IN DEFENDANTS UBER TECHNOLOGIES, INC. AND ARUN NAGARAJAN'S MOTION TO COMPEL ARBITRATION** |

   Defendant Travis Kalanick hereby respectfully joins in Defendants Uber Technologies, Inc. ("Uber") and Arun Nagarajan's Motion to Compel Arbitration (ECF No. 27) and Memorandum of Law in Support of Their Motion to Compel Arbitration (ECF No. 27-1) (the "Motion").

   The Motion demonstrates that this Court should compel this action to arbitration for the following reasons: (1) the ADR Agreement[1] contains an express delegation clause in which Uber and Plaintiff Yukti Abrol ("Plaintiff") agreed that issues of arbitrability would be decided by an arbitrator; (2) the ADR Agreement constitutes a binding and enforceable agreement between Uber and Plaintiff; and (3) all Plaintiff's claims fall within the scope of the ADR Agreement.

   All the arguments in the Motion apply equally to Mr. Kalanick. The Complaint alleges that Mr. Kalanick was Uber's Chief Executive Officer until 2017, remained on the board of directors until December 31, 2019, and had supervisory authority over Plaintiff. (ECF No. 1-3 ¶ 7.) Plaintiff has brought claims of discrimination and retaliation against Mr. Kalanick under the

---

[1] The capitalized terms have the same meaning as defined in the Motion.

New York State and City Human Rights Laws for the period between June 2017 and May 2020 arising out of her employment. (*Id.* ¶¶ 252, 271, 279.) As set forth in the Motion, the ADR Agreement explicitly requires Plaintiff to arbitrate any dispute with any individual—including Mr. Kalanick—related to Plaintiff's "employment relationship" with Uber "or the termination of that relationship." *See generally* ECF No. 27-1 at Section III; *see also Meyer* v. *Uber Techs., Inc.*, 868 F.3d 66, 80 n.11 (2d Cir. 2017) (internal citation omitted) (finding that even though "Kalanick is not a party to the [arbitration agreement] between Uber and Meyer, he is nonetheless protected by [it]").

For all the foregoing reasons, Mr. Kalanick joins and adopts the Motion. For the reasons set forth therein, Mr. Kalanick respectfully requests that the Court enter an Order compelling Plaintiff's action to arbitration and staying it until such arbitration is complete.

Dated: San Francisco, California
      September 28, 2023   PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP

    /s/ *Walter F. Brown*
Walter F. Brown (*pro hac vice*)
Melinda Haag (*pro hac vice*)
R. Rosie Vail (*pro hac vice*)
535 Mission Street, 24th Floor
San Francisco, California 94105
(628) 432-5100
wbrown@paulweiss.com
mhaag@paulweiss.com
rvail@paulweiss.com

Amy L. Barton
1285 Avenue of the Americas
New York, New York 10019
(212) 373-3000
abarton@paulweiss.com

*Counsel for Defendant Travis Kalanick*