UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| YUKTI ABROL,<br><br>      Plaintiff,<br><br>      - against -<br><br>UBER TECHNOLOGIES, INC., ARUN NAGARAJAN, AJEET GANGA, AND TRAVIS KALANICK,<br><br>      Defendants. | Case No. 1:23-CV-5381-AMD-SJB<br><br>**ECF CASE** |

# DEFENDANTS UBER TECHNOLOGIES, INC. AND ARUN NAGARAJAN'S REPLY MEMORANDUM OF LAW IN FURTHER SUPPORT OF THEIR <u>MOTION TO COMPEL ARBITRATION</u>

GIBSON, DUNN & CRUTCHER LLP

Theane Evangelis (*pro hac vice*)
333 South Grand Avenue
Los Angeles, California 90071
Tel.: (213) 229-7000
TEvangelis@gibsondunn.com

Michele L. Maryott (*pro hac vice*)
3161 Michelson Drive, Suite 1200
Irvine, California 92612
Tel.: (949) 451-3800
MMaryott@gibsondunn.com

Lee R. Crain
Meika N. Freeman
200 Park Avenue
New York, New York 10166
Tel.: (212) 351-4000
LCrain@gibsondunn.com
MFreeman@gibsondunn.com

*Attorneys for Defendants Uber Technologies, Inc. and Arun Nagarajan*

**TABLE OF CONTENTS**

Page

PRELIMINARY STATEMENT ................................................................................................ 1

ARGUMENT .................................................................................................................................. 2

    I.    Plaintiff's Challenges To The Enforceability Of The ADR Agreement Must Themselves Be Arbitrated. ................................................................................................. 2

    II.    The ADR Agreement Is Enforceable. ............................................................................. 5

        A.    The ADR Agreement Is Not Procedurally Unconscionable. ......................................... 5

        B.    The ADR Agreement Is Not Substantively Unconscionable. ....................................... 8

    III.    Defendants Kalanick And Nagarajan Are Covered By The ADR Agreement. ............... 9

CONCLUSION ............................................................................................................................. 10

i

## TABLE OF AUTHORITIES

Page(s)

**Cases**

*Am. Family Life Assurance Co. of N.Y. v. Baker*,
  778 F. App'x 24 (2d Cir. 2019) ................................................................................................8

*Arkin v. DoorDash, Inc.*,
  2020 WL 4937825 (E.D.N.Y. Aug. 24, 2020)..........................................................................4

*Blessing v. Sirius XM Radio Inc.*,
  756 F. Supp. 2d 445 (S.D.N.Y. 2010).......................................................................................8

*Brennan v. Bally Total Fitness*,
  198 F. Supp. 2d 377 (S.D.N.Y. 2002)...................................................................................7, 9

*Cypress v. Cintas Corp. No. 2*,
  2017 WL 564492 (E.D.N.Y. 2017)...........................................................................................3

*De Jesus v. Gregorys Coffee Mgmt., LLC*,
  2022 WL 4229331 (E.D.N.Y. June 9, 2022), *R&R adopted* 2022 WL 3097883
  (E.D.N.Y. Aug. 4, 2022) ...........................................................................................................5

*Greene v. Kabbalah Ctr. Int'l, Inc.*,
  625 F. Supp. 3d 3 (E.D.N.Y. 2022) ..........................................................................................5

*Isaacs v. OCE Bus. Servs., Inc.*,
  968 F. Supp. 2d 564 (S.D.N.Y. 2013).......................................................................................3

*Kai Peng v. Uber Techs., Inc.*,
  237 F. Supp. 3d 36 (E.D.N.Y. 2017) ........................................................................................6

*Kolchins v. Evolution Mkts., Inc.*,
  128 A.D.3d 47 (1st Dep't 2015), *aff'd*, 2018 WL 1524710 (N.Y. Mar. 29,
  2018) ........................................................................................................................................3

*Mancilla v. ABM Indus., Inc.*,
  2020 WL 4432122 (S.D.N.Y. 2020).........................................................................................8

*Marciano v. DCH Auto Group*,
  14 F. Supp. 3d 322 (S.D.N.Y. 2014).........................................................................................3

*McCoy v. Dave & Buster's, Inc.*,
  2018 WL 550637 (E.D.N.Y. Jan. 24, 2018) .............................................................................7

*Meyer v. Uber Techs., Inc.*,
  868 F.3d 66 (2d Cir. 2017).................................................................................................2, 10

*Mumin v. Uber Techs., Inc.*,
  239 F. Supp. 3d 507 (E.D.N.Y. 2017) ......................................................................................6

# TABLE OF AUTHORITIES
*(continued)*

Page(s)

*Nat'l Fed. of the Blind v. The Container Store, Inc.*,
    904 F.3d 70 (1st Cir. 2018) ................................................................................................... 4

*Nayal v. HIP Network Servs. IPA, Inc.*,
    620 F. Supp. 2d 566 (S.D.N.Y. 2009) ............................................................................... 5, 7

*Rent-A-Center, West, Inc. v. Jackson*,
    561 U.S. 63 (2010) ................................................................................................. 1, 2, 4, 5

*Valle v. ATM Nat'l, LLC*,
    2015 WL 413449 (S.D.N.Y. Jan. 30, 2015) ........................................................................ 6

*Wu v. Uber Techs., Inc.*,
    2022 WL 17826816 (Sup. Ct. Dec. 20, 2022) ..................................................................... 4

**Statutes**

Pub. L. No. 117-90, 136 Stat. 26 (2022) ...................................................................................... 9

**Rules**

CPLR § 7515 ................................................................................................................................. 9

# PRELIMINARY STATEMENT[1]

Plaintiff's opposition confirms that this Court should compel this action to arbitration. Plaintiff concedes that she signed the ADR Agreement. She concedes the ADR Agreement contains a clause that delegates arbitrability to the arbitrator. And she has abandoned any argument that she properly opted out under the simple opt-out process the ADR Agreement prescribes. Plaintiff also does not dispute that the plain terms of that agreement apply to all of her claims. Nor does she grapple with practically *any* of the cases Moving Defendants cite—including binding Second Circuit authority. Arbitration is plainly required under the governing contract. This Court should grant this motion to compel.

Rather than engage with the terms of the ADR Agreement itself or the governing case law, Plaintiff seeks to avoid arbitration by recasting her argument that the ADR Agreement is unconscionable as a dispute about contract formation. Her arguments fail. Under New York law, Plaintiff's claim that the ADR Agreement is unconscionable goes not to the formation of the agreement, but rather to its validity and enforceability. Disputes regarding the enforceability of the ADR Agreement were delegated to the arbitrator here—a clear and unmistakable delegation that this Court should honor under binding U.S. Supreme Court case law. *See Rent-A-Center, West, Inc. v. Jackson*, 561 U.S. 63 (2010).

But even if the Court were to consider Plaintiff's unconscionability arguments (and it should not), Plaintiff fails to meet her burden of proving both procedural and substantive unconscionability as she must under New York law to prove an arbitration agreement is unenforceable. Courts in this District regularly reject procedural unconscionability arguments

---

[1] All defined terms retain the meanings set forth in the Moving Defendants' opening brief. ECF 27-1.

1

where an arbitration agreement contains a clear opt-out clause.  Here, Plaintiff could have opted out of arbitration at any time in the thirty days following her receipt of the agreement by sending Uber a simple email.  She failed to do so.  The ADR Agreement is also not substantively unconscionable because the agreement applies equally to Plaintiff and Uber.  Plaintiff's argument to the contrary—that an arbitration agreement is substantively unconscionable *per se* if it applies to sexual harassment claims—is irrelevant.  The Complaint does not plead any such claim.

Finally, Plaintiff fails to show how Defendants Kalanick and Nagarajan are not covered under the clear terms of the ADR Agreement, which applies to any dispute with any individual arising out of or relating to Plaintiff's employment with Uber.  The Second Circuit in a case involving Uber and Mr. Kalanick held just that.  *Meyer v. Uber Techs., Inc.*, 868 F.3d 66, 80, n.11 (2d Cir. 2017) (finding that even though "Kalanick is not a party to the [arbitration agreement] between Uber and Meyer, he is nonetheless protected by [it]").  Plaintiff fails to explain how this case is any different.

Moving Defendants categorically dispute the allegations in the Complaint and intend to vigorously defend against them.  But that defense has to come in arbitration, not litigation, under the plain terms of Plaintiff's ADR Agreement with Uber.  This Court should compel to arbitration and stay this action pursuant to Sections 3 and 4 of the Federal Arbitration Act.

## ARGUMENT

I. **Plaintiff's Challenges To The Enforceability Of The ADR Agreement Must Themselves Be Arbitrated.**

It is hornbook U.S. Supreme Court law that challenges to the enforceability of a contract must be decided by an arbitrator when an arbitration agreement delegates to the arbitrator disputes about arbitrability.  *See Rent-A-Center*, 561 U.S. at 64.  Here, Plaintiff does not dispute that the ADR Agreement does just that.  Instead, she tries to concoct an argument that the ADR Agreement

2

was never formed at all and asks this Court to hold a trial to address formation. Her arguments fail.

Plaintiff raises not even a colorable argument challenging the formation of the ADR Agreement. Under New York law, an enforceable contract requires "an offer, acceptance of the offer, consideration, mutual assent, and an intent to be bound." *Kolchins v. Evolution Mkts., Inc.*, 128 A.D.3d 47, 59 (1st Dep't 2015), *aff'd*, 2018 WL 1524710 (N.Y. Mar. 29, 2018). Plaintiff's own concessions confirm each of those elements are met. She concedes, for instance, that she and Uber signed the ADR Agreement. *See* ECF 34, Declaration of Yukti Abrol ¶ 8; *Marciano v. DCH Auto Grp.*, 14 F. Supp. 3d 322, 330 (S.D.N.Y. 2014) (internal citation omitted) (granting motion to compel arbitration and noting that, under New York law, "[a] party's failure to read or understand a contract that it signs does not relieve it of its obligation to be bound by the contract"). She does not contend her signature on the document is a fraud or anything to that effect—and indeed it is not. *Isaacs v. OCE Bus. Servs., Inc.*, 968 F. Supp. 2d 564, 569 (S.D.N.Y. 2013) (holding the plaintiff "does not dispute that he signed . . . the [arbitration agreement] . . . Therefore, he is bound by the [arbitration agreement] unless he can show special grounds, such as fraud, duress or coercion, which would justify the revocation or nonenforcement of contract."). It is also undisputed that Plaintiff received adequate consideration for signing the ADR Agreement in the form of an offer of employment from Uber. *See, e.g.*, *Cypress v. Cintas Corp. No. 2*, 2017 WL 564492, at *3 (E.D.N.Y. 2017) (noting that an offer of employment constitutes sufficient consideration to support an employee's promise to arbitrate). Under the undisputed facts here, the ADR Agreement constitutes a formed contract.

Instead of challenging any of the elements of contract formation, Plaintiff argues only that the entire ADR Agreement is unconscionable. But that argument does not go to formation.

3

"[U]nder New York law, unconscionability relates to a contract's *enforceability*, not its existence." *Wu v. Uber Techs., Inc.*, 2022 WL 17826816, at *n.6 (Sup. Ct. Dec. 20, 2022) (emphasis in original). In fact, a claim of unconscionability "presupposes the existence of an agreement." *Id*. The cases the Moving Defendants cited in their opening brief (which Plaintiff did not address) confirm just that. *See, e.g.*, *Arkin v. DoorDash, Inc.*, 2020 WL 4937825, at *5 (E.D.N.Y. Aug. 24, 2020) ("unconscionability is a question of enforceability"). Even Plaintiff's own cited cases emphasize the important distinction between a dispute about a contract's formation versus a dispute about its validity or enforceability. *See Nat'l Fed. of the Blind v. The Container Store, Inc.*, 904 F.3d 70, 80, n.14 (1st Cir. 2018) ("Pursuant to established Supreme Court precedent . . . there's an important distinction between arguments challenging the <u>validity</u> of an agreement and those challenging an agreement's <u>formation</u>" and "unconscionability" is a challenge to "the validity of the entire contract.") (emphases in original)) (cited at Opp. at 12).

Because Plaintiff's arguments all bear on enforceability, they must be resolved by the arbitrator in the first instance. The Supreme Court's decision in *Rent-A-Center, West, Inc. v. Jackson*, 561 U.S. 63 (2010) (cited at Opp. at 12), controls. There, the plaintiff entered an arbitration agreement containing a delegation provision. *Id*. at 66. As here, the delegation provision stated that "[t]he Arbitrator . . . shall have exclusive authority to resolve any dispute relating to the . . . enforceability . . . of this Agreement." *Id*. at 68. After the plaintiff filed suit in court, he opposed the defendant's motion to compel arbitration on the ground that the entire arbitration agreement was unconscionable. *Id*. The Supreme Court held that a challenge to the arbitration agreement as a whole, as opposed to a specific challenge to the delegation clause, must go to the arbitrator in the first instance pursuant to the delegation clause. *Id*. at 72. In so holding, the Supreme Court reversed the Ninth Circuit's determination that when "a party challenges an

4

arbitration agreement as unconscionable, and thus asserts that he could not meaningfully assent to the agreement, the threshold question of unconscionability is for the court." *Id.* at 67, 76.

Like the plaintiff in *Rent-A-Center*, Plaintiff here challenges the entire ADR Agreement as unconscionable—not the specific delegation clause.  And as in *Rent-A-Center*, that clause in the ADR Agreement provides that disputes must be "resolved only by an arbitrator" including "without limitation disputes arising out of or relating to interpretation or application of this Agreement, including the enforceability, revocability or validity of the Agreement or any portion of the Agreement."  ECF 27-4, Keating Decl. Ex. B ¶ 1.  Pursuant to this clear and unmistakable delegation cause, then, Plaintiff's arguments that the ADR Agreement is unconscionable must be heard by an arbitrator.  *See Greene v. Kabbalah Ctr. Int'l, Inc.*, 625 F. Supp. 3d 3, 16 (E.D.N.Y. 2022) ("[A] federal court must honor that contractual choice under Section 2 of the FAA, unless the party challenging arbitration challenges the delegation provision specifically.").

## II.  The ADR Agreement Is Enforceable.

Even if the Court does address Plaintiff's challenge to the ADR Agreement, it should still compel arbitration as the ADR Agreement is clearly enforceable.  Contrary to Plaintiff's contentions, the ADR Agreement is neither procedurally nor substantively unconscionable, and it clearly covers Plaintiff's claims against Defendants Kalanick and Nagarajan.

### A.   The ADR Agreement Is Not Procedurally Unconscionable.

An agreement is procedurally unconscionable when the process of contracting deprives a party of "meaningful choice" in assenting to the agreement. *De Jesus v. Gregorys Coffee Mgmt., LLC*, 2022 WL 4229331, at *7 (E.D.N.Y. June 9, 2022), *R&R adopted* 2022 WL 3097883 (E.D.N.Y. Aug. 4, 2022); *Nayal v. HIP Network Servs. IPA, Inc.*, 620 F. Supp. 2d 566, 571 (S.D.N.Y. 2009).  Plaintiff does not even come close to meeting her heavy burden to show that here.

5

Plaintiff argues that arbitration was "[e]ffectively [m]andatory" because her Employment Agreement required that she sign the ADR Agreement to start work at Uber. Opp. at 3–4. That argument fails for two reasons.

*First*, consenting to arbitration was not a condition precedent to working at Uber. Plaintiff appears to be conflating the requirement that she merely read and sign the ADR Agreement (what her Employment Agreement actually required) with an obligation to commit to arbitration (which she freely was allowed to reject). Although Plaintiff was required to sign the ADR Agreement before she began working at Uber, she had the choice to opt out of arbitration within thirty days following her receipt of the agreement. ECF 27-4, Keating Decl. Ex. B ¶ 4. To opt out during the contractually agreed-upon timeframe, all Plaintiff had to do was send a short opt-out email to Uber. *Id.* Courts in this circuit have repeatedly held that "[a]n agreement is not procedurally unconscionable if there is a meaningful opportunity to opt out," as there was here. *See Mumin v. Uber Techs., Inc.*, 239 F. Supp. 3d 507, 525–26 (E.D.N.Y. 2017) (internal citations omitted); *see also Kai Peng v. Uber Techs., Inc.*, 237 F. Supp. 3d 36, 55 (E.D.N.Y. 2017); *Valle v. ATM Nat'l, LLC,* 2015 WL 413449, at *6 (S.D.N.Y. Jan. 30, 2015). Plaintiff ignores each of these cases, which the Moving Defendants cited in their opening brief. ECF 27-1, Defs. Br. at 10.

Plaintiff's argument that the opt-out provision was somehow hidden does not withstand scrutiny. The Employment Agreement stated "before accepting this offer of employment, please read the Alternative Dispute Resolution Agreement carefully." ECF 27-4, Keating Decl. Ex. A at ¶ 8(f). The ADR Agreement in turn provided that "[a]rbitration is **not** a mandatory condition of your employment at the Company" and "[y]our decision to be bound or not bound by this Agreement is entirely voluntary." ECF 27-4, Keating Decl. Ex. B at ¶ 4 (emphasis added). The opt-out provision itself was clearly identified in the fourth paragraph (of five) in the ADR

6

Agreement with the bolded, underlined heading: "**Your Right to Opt Out of Arbitration**." *Id.* And the text of that paragraph clearly communicated the simple actions Plaintiff needed to take—and the deadline for doing so. *See id.* Even Plaintiff's counsel has conceded that the ADR Agreement's text is "arguably very clear." H'rg Tr. 7:12–13. At bottom, then, Plaintiff's argument amounts to the claim that the inclusion of *any* arbitration agreement within other employment-related onboarding agreements is somehow procedurally unconscionable. She cites no case law for that proposition, and Moving Defendants are aware of none.

*Second*, under New York law, the mere fact that an employer requires an employee to agree to arbitration as a condition of employment does *not* render the agreement procedurally unconscionable. *See, e.g., De Jesus*, 2022 WL 4229331, at *9; *McCoy v. Dave & Buster's, Inc.*, 2018 WL 550637, at *9 (E.D.N.Y. Jan. 24, 2018). Plaintiff offers no argument in response—let alone a way to distinguish the relevant case law (which the Moving Defendants cited in their brief, ECF 27-1, Defs. Br. at 10–11, yet Plaintiff ignored).

The cases Plaintiff cites with respect to her cursory argument that she "lacked 'a meaningful choice' in deciding whether to assent to the agreement," Opp. at 10, do not support her position in any respect, and if anything, support granting this motion. In *Brennan v. Bally Total Fitness*, 198 F. Supp. 2d 377, 383 (S.D.N.Y. 2002) (cited at Opp. at 10), the court found that an arbitration agreement was procedurally unconscionable based on the defendant's use of "high pressure tactics," none of which are present here. For example, the court noted that the plaintiff was given only fifteen minutes to sign the contract, and she was not told that she could take the agreement home or consult with an attorney about the contract. *Id.* In contrast, here, Plaintiff was sent the ADR Agreement directly, she took two days before signing it, and the ADR Agreement

7

explicitly states that she had "the right to consult with counsel of your choice concerning this Agreement." ECF 27-4, Keating Decl. ¶¶ 7, 9, Ex. B at ¶ 4.[2]

The ADR Agreement is not procedurally unconscionable. Plaintiff had a meaningful choice to decide whether to agree to arbitration and whether to send a short email within thirty days to opt out. She declined to avail herself of that simple option and must arbitrate as a result.

### B.  The ADR Agreement Is Not Substantively Unconscionable.

Plaintiff also cannot meet her burden to show that the ADR Agreement is substantively unconscionable—*i.e.*, that "one or more key terms are unreasonably favorable to one party." *Am. Family Life Assurance Co. of N.Y. v. Baker*, 778 F. App'x 24, 27 (2d Cir. 2019). Plaintiff makes two arguments in support of her position. Neither has merit.

*First*, Plaintiff argues that the ADR Agreement "benefit[s] only Defendants" and is thus substantively unconscionable because there is allegedly no mutuality. Opp. at 8. Contrary to Plaintiff's contentions, the ADR Agreement is clearly mutual. It requires *both* Plaintiff and Uber to arbitrate all "dispute[s]" arising out of or related to [Plaintiff's] employment with Uber." ECF 27-4 Keating Decl. Ex. B ¶ 1. Courts have routinely held that mutual arbitration agreements are not substantively unconscionable. *See, e.g.*, *Mancilla v. ABM Indus., Inc.*, 2020 WL 4432122, at *9 (S.D.N.Y. 2020) (granting motion to compel arbitration and holding arbitration agreement was not substantively unconscionable because it was "not one-sided: it subjects both parties to mandatory arbitration for any claims arising out of Plaintiff's employment"). Plaintiff attempts to sidestep these straightforward facts and the relevant case law by arguing that there can be no mutuality because "Uber is a corporation and will never be the victim of sexual harassment or

---

[2] So, too, is *Blessing v. Sirius XM Radio Inc.*, 756 F. Supp. 2d 445 (S.D.N.Y. 2010) (cited at Opp. at 10), irrelevant. The court there concluded that certain consumer contracts—not employment agreements—were *not* unconscionable, applying California law. *Id.* at 456.

employment discrimination." Opp. at 8. That argument defies logic. If Plaintiff's argument were right, every arbitration agreement between an employer and employee covering employment discrimination claims would be *de facto* substantively unconscionable. *Id*. Plaintiff cites no authority in support of this proposition, and Moving Defendants are aware of none.[3]

*Second*, Plaintiff argues that the ADR Agreement is substantively unconscionable because it requires her to arbitrate "claims of sexual harassment." Opp. at 6. But Plaintiff has not pleaded *any* specific causes of action for sexual harassment in the Complaint. Indeed, her Opposition makes clear that she is asserting claims for "discrimination because of her gender, sexual orientation, disability, and ethnicity," "retaliation," and being "paid less than men performing equivalent work." Opp. at 1; *see also* ECF 1, Compl. ¶¶ 251–56. Simply put, this is a non-issue.[4]

For those reasons, Plaintiff's public policy arguments are a red herring. The general public policy against sexual harassment does not mean that the ADR Agreement is substantively unconscionable. Tellingly, New York and federal law that prohibits mandatory arbitration of sexual harassment claims is expressly inapplicable here. Those laws are not retroactive and would not apply to contracts entered into, like Plaintiff's, in April 2017, ECF 27-4 Keating Decl. Ex. B. *See* CPLR § 7515(b)(i); Pub. L. No. 117-90, § 3, 136 Stat. 26, 28 (2022).

### III. Defendants Kalanick And Nagarajan Are Covered By The ADR Agreement.

Finally, Plaintiff argues that her claims against Defendants Kalanick and Nagarajan are not

---

[3] Plaintiff cites *Brennan* again, but that case is inapt. 198 F. Supp. 2d 377. There, the arbitration agreement was substantively unconscionable because it permitted the employer to unilaterally modify the agreement and then required the plaintiff to arbitrate sexual harassment claims that had already been pending. *Id*. at 384. Neither is true here: the ADR Agreement does not permit unilateral modification and does not require Plaintiff to arbitrate any claims that had been pending before April 27, 2017, when she signed the Agreement. ECF 27-4 Keating Decl. Ex. B.

[4] Regardless, as explained in Moving Defendants' opening brief, Uber does *not* require employees to arbitrate sexual assault or sexual harassment claims under company policy. ECF 27-1, Defs. Br. at 17. It moves to compel all claims here because no such claim was pleaded in this case.

subject to arbitration. That argument ignores not only the plain text of the ADR Agreement, but also binding Second Circuit law. The ADR Agreement provides that it specifically encompasses any "dispute[] with *any* entity *or individual*" arising out of or relating to Plaintiff's employment with Uber. ECF 27-4 Keating Decl. Ex. B ¶ 1 (emphasis added). Plaintiff's allegations against both individuals occurred during her employment with Uber and while attending work events hosted by Uber. Opp. at 3. Plaintiff's contrary allegations—that the actions she alleges Defendants Nagarajan and Kalanick engaged in are beyond the scope of their employment—are no defense to the plain text of the arbitration agreement and her own Complaint. ECF 1, Compl. ¶¶ 36–42, 223–27. The question of whether Uber can be held vicariously liable for the alleged conduct is separate from whether Plaintiff agreed to arbitrate her claims. She did.

In contending the ADR Agreement does not apply to Defendants Kalanick or Nagarajan, Plaintiff ignores binding Second Circuit precedent cited in Moving Defendants' brief (at 16). In *Meyer v. Uber Technologies, Inc.*, 868 F.3d 66 (2d Cir. 2017), the Second Circuit found that "employees or disclosed agents of an entity that is a party to an arbitration agreement are protected by that agreement." *Id.* at 80, n.11 (internal citation omitted) (finding that even though "Kalanick is not a party to the [arbitration agreement] between Uber and Meyer, he is nonetheless protected by [it]"). Both Defendants Kalanick and Nagarajan are former Uber employees. Plaintiff provides no explanation as to why this binding holding does not apply here.

Because all of Plaintiff's claims are clearly and unmistakably within the scope of the ADR Agreement, Plaintiff should be compelled to arbitrate her claims.

## **CONCLUSION**

For the foregoing reasons and those in Moving Defendants' opening brief, this Court should compel this action to arbitration and stay this action until the completion of the arbitration.

10

        GIBSON, DUNN & CRUTCHER LLP

By: /s/ *Theane Evangelis*

    Theane Evangelis (*pro hac vice*)
    333 South Grand Avenue
    Los Angeles, California 90071
    Tel.: (213) 229-7000
    TEvangelis@gibsondunn.com

    Michele L. Maryott (*pro hac vice*)
    3161 Michelson Drive, Suite 1200
    Irvine, California 92612
    Tel.: (949) 451-3800
    MMaryott@gibsondunn.com

    Lee R. Crain
    Meika N. Freeman
    200 Park Avenue
    New York, New York 10166
    Tel.: (212) 351-4000
    LCrain@gibsondunn.com
    MFreeman@gibsondunn.com

    *Attorneys for Defendants Uber Technologies,*
    *Inc. and Arun Nagarajan*